UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WALT MCCOY PORTER,
       Petitioner,

vs.                        Case No.:  4:23cv419/WS/ZCB

RICKY D. DIXON,
       Respondent.
_____/

## **REPORT AND RECOMMENDATION**

This is a federal habeas corpus case filed under 28 U.S.C. § 2254. Respondent has answered the third amended petition, and Petitioner has replied. (Docs. 24, 33, 35, 36, 37). For the reasons below, Petitioner is not entitled to habeas relief.[1]

## I.    Background

On January 19, 2016, Petitioner had a disagreement with a houseguest, Michael "Scott" Lawrence, over Lawrence continuing to reside in the house with Petitioner and his girlfriend. During the disagreement Petitioner fired a "warning shot" in Lawrence's direction.

---

[1] This matter may be resolved based on the pleadings and attachments without an evidentiary hearing. Rule 8(a), Rules Governing Section 2254 Cases.

1

Petitioner then fired a second shot that struck Lawrence in the head, killing him. Petitioner was charged in Wakulla County Circuit Court with first degree murder and two counts of possession of a firearm by a convicted felon.

The case proceeded to a jury trial. Petitioner presented alternative theories of self-defense and accidental discharge to the murder charges, as well as a defense of necessity to the firearm charges. The jury convicted Petitioner of the lesser-included offense of manslaughter with a firearm and the felon in possession charges. The trial court sentenced Petitioner to concurrent terms of twenty years' imprisonment.

## II.    Procedural History

Petitioner appealed his conviction to Florida's First District Court of Appeal ("First DCA"). (Doc. 33-5). That court affirmed. (Doc. 33-9). The Florida Supreme Court declined discretionary review. (Docs. 33-13, 33-15). Petitioner then moved for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 33-16 at 26-82). The trial court denied the motion. (Doc. 33-16 at 152; Doc. 33-17 at 14-100). Petitioner appealed, and the First DCA affirmed. (Docs. 33-21, 33-23, 33-24).

Next, Petitioner took his postconviction efforts to federal court by filing the current habeas petition under 28 U.S.C. § 2254. (Doc. 1). His third amended petition presents eight claims. (Doc. 24). As will be discussed below, four of the claims are procedurally barred. Three claims lack merit. And part of the remaining claim is procedurally barred and the other part is without merit.

## III.   Discussion

### A.    Grounds Four, Five, Seven and Eight are unexhausted and procedurally defaulted.

Respondent argues that Grounds Four, Five, Seven and Eight of the petition are unexhausted and procedurally defaulted. (Doc. 33 at 11-24).[2] More specifically, Respondent argues that although Petitioner presented these issues to the state trial court in his Rule 3.850 motion, he did not

---

[2] Those claims are counsel's failure to object to five specific comments by the prosecutor during closing arguments that allegedly misrepresented the elements of homicide and self-defense (Ground Four), counsel's failure to effectively argue that manslaughter was not proven because Petitioner's conduct was not unreasonable or reckless (Ground Five), counsel's failure to object to fourteen specific comments by the prosecutor during closing arguments that allegedly misrepresented testimony and referred to facts not in evidence (Ground Seven), and counsel's failure to object to the omission of culpable negligence as a lesser included offense from the verdict form (Ground Eight). (Doc. 24 at 12, 14, 17-18, 20).

raise them on appeal from the denial of that motion. (*Id*.). Thus, Respondent says the claims are unexhausted and also procedurally defaulted because state procedural rules would prevent Petitioner from returning to state court to exhaust the claims today. The Court will address both exhaustion and procedural default below.

Let's start by summarizing the exhaustion requirement for § 2254 habeas cases. That requirement is found in § 2254(b)(1), which provides that an "application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State." This means that a "state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). The exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). To satisfy the exhaustion requirement, a petitioner must have "fairly presented" the substance of his federal claim

4

to the state courts.[3]  *Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1351 (11th Cir. 2012).

A petitioner "fairly" presents the substance of his federal claim when he describes the claim "such that [the state courts] are permitted the opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Kelley v. Sec'y Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004) (cleaned up).  Exhaustion is not present "merely" because "the federal habeas petitioner has been through the state courts…nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." *McNair v. Campbell*, 416 F.3d 1291, 1302-07 (11th Cir. 2005) (cleaned up).  Instead, exhaustion requires that the "ground relied upon…be presented face-up and squarely; the federal question must be plainly defined." *Kelley*, 377 F.3d at 1345 (cleaned up).

---

[3] In habeas cases involving Florida prisoners, "claims for postconviction relief are exhausted once they are appealed to the state district court of appeal.  They need not be appealed to the Florida Supreme Court in order to be considered exhausted for federal habeas purposes." *Barritt v. Sec'y Fla. Dep't of Corr.*, 968 F.3d 1246, 1249 n.3 (11th Cir. 2020).

If a petitioner has not exhausted his claim in state court, and it "is clear from state law that any future attempts at exhaustion would be futile," then federal courts "may treat unexhausted claims as procedurally defaulted." *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999). And a procedurally defaulted claim will not be considered by a federal habeas court unless "a petitioner can show (1) cause for the default and (2) actual prejudice resulting from the alleged constitutional violation." *Sealey v. Warden, Ga. Diagnostic Prison*, 954 F.3d 1338, 1365 (11th Cir. 2020).

Having summarized the applicable law, it is time to apply it. Although Petitioner says that he presented Grounds Four, Five, Seven and Eight in his Rule 3.850 motion and his appeal from the denial of that motion (Doc. 24 at 12-15, 17-21), the record shows otherwise. The record shows that Petitioner presented Grounds Four, Five, Seven and Eight in his Rule 3.850 motion. (Doc. 33-16, ¶¶ 62, 65-67, 73, 86-87, 92, 95, 99-102, 105-06, 108, 110, and 112).[4] The state trial court denied the motion,

---

[4] Petitioner did not organize or identify his postconviction claims by claim number. Instead, he presented them in paragraphs 5 through 169 of his Rule 3.850 motion (Doc. 33-16 at 28-72) and identified them by paragraph

6

and Petitioner appealed to the First DCA.  (Doc. 33-16 at 196, 200).  In his First DCA brief, Petitioner did not raise the claims presented in Grounds Four, Five, Seven and Eight of his § 2254 petition.  (Doc. 33-21 at 16-22).

"It is well established in Florida courts that claims for which an appellant has not presented any argument, or for which he provides only conclusory argument, are insufficiently presented for review and are waived." *Witherspoon v. Inch*, No. 4:17cv137, 2019 WL 2607375, at *16 (N.D. Fla. May 14, 2019), *adopted by* 2019 WL 2605619.  Or to use the language of the Florida Supreme Court, "issues not raised in the initial brief [of the appellant] are considered waived or abandoned." *Rosier v. State*, 276 So. 3d 403, 406 (Fla. 2019); *see also Roderick v. State*, 284 So. 3d 1152, 1154 (Fla. 1st DCA 2019) (declining to review three of seven postconviction claims because they were not argued in the petitioner's brief).

Here, Petitioner's First DCA brief failed to raise the issues found in Grounds Four, Five, Seven and Eight of his habeas petition.  Thus, those

---

number in his initial brief in the postconviction appeal (Doc. 33-21 at 16-22).

grounds were waived before the First DCA.[5]   As a result, they are

unexhausted for purposes of habeas review.   *See Baker v. Dep't of Corr.*,

634 F. App'x 689, 693 (11th Cir. 2015) (holding that a claim was "not

exhausted in state court because [the petitioner] abandoned it on appeal"

from the denial of his Rule 3.850 motion).   Florida law does not permit

Petitioner to return to the First DCA and raise the unexhausted claims

today.   *See Harris v. Sec'y Dep't of Corr.*, No. 8:16-cv-3199, 2021 WL

5331202, at *19 (M.D. Fla. Nov. 16, 2021) (explaining that a petitioner

who failed to raise a claim in his state postconviction appeal could not

return to Florida state court and raise the claim because the time to do

---

[5] Petitioner's catchall reference to "additional counsel errors" in his initial
brief was insufficient to present Grounds Four, Five, Seven and Eight for
review in the First DCA. (Doc. 33-21 at 22). *See Smith v. State*, 931 So.
2d 790, 800 (Fla. 2006) (explaining that "vague and conclusory
allegations on appeal are insufficient to warrant relief); *see also
Randolph v. State*, 853 So. 2d 1051, 1063 n.12 (Fla. 2003) (explaining that
"merely making references to arguments below without further
elucidation does not suffice to preserve issues, and these claims are
deemed to have been waived.") (cleaned up); *Shere v. State*, 742 So. 2d
215, 217 n.6 (Fla. 1999) (holding that claims were insufficiently
presented for appellate review where appellant asserted that the trial
court erred by summarily denying nineteen of the twenty-three claims
raised in his 3.850 motion but appellant did not present any argument or
allege on what grounds the trial court erred in denying the claims).

so had expired); *see also* Fla. R. Crim. P. 3.850(k) (providing a thirty-day time period for appealing the denial of a Rule 3.850 motion).

Because state procedural rules would prevent Petitioner from returning to state court to exhaust Grounds Four, Five, Seven and Eight, they have been procedurally defaulted. *See Baker*, 634 F. App'x at 693 (holding that a claim was unexhausted for failure to raise it on appeal from the denial of Rule 3.850 motion and was "subject to a procedural default" because "his state remedy was no longer available because the claim would be time-barred"); *see also Bailey*, 172 F.3d at 1303 (explaining that where an "unexhausted claim would now be procedurally barred due to a state-law procedural default…the exhaustion requirement and procedural default principles combine to mandate dismissal"). A petitioner may only obtain review of a procedurally defaulted claim if he shows cause and prejudice. *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010). Petitioner has not even attempted to meet that rigorous standard here. Thus, Grounds Four, Five, Seven and Eight of Petitioner's habeas petition should be denied as unexhausted and procedurally defaulted.

**B.    Petitioner is not entitled to federal habeas relief on the exhausted claims of ineffective assistance of trial counsel presented in Grounds One, Two, and part of Ground Three.**

Petitioner has exhausted Grounds One, Two, and part of Ground Three.[6]  Because those claims were adjudicated on the merits in state court, Petitioner may only obtain habeas relief if he meets the standard found in 28 U.S.C. § 2254(d).  He has not done so.

Under § 2254(d), a federal court may invalidate a state criminal conviction only if the state court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2).  This is a "highly deferential standard," which "demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  When considering a state prisoner's habeas petition under § 2254(d), a federal court is not sitting as an appellate court with

---

[6] The Court will separately discuss each claim below.  In the discussion of Ground Three, the Court will identify what part of Ground Three is exhausted and what part is not.

10

the mandate of correcting errors that may have occurred in the state court. *See Shinn v. Ramirez*, 596 U.S. 366, 377 (2022) (explaining that a federal habeas proceeding is not "a substitute for ordinary error correction through appeal") (cleaned up).

To be contrary to clearly established federal law under § 2254(d)(1), "the state court must either (1) apply a rule that contradicts the governing law set forth by Supreme Court case law, or (2) reach a different result from the Supreme Court when faced with materially indistinguishable facts." *Ward*, 592 F.3d at 1155 (cleaned up). And to meet the unreasonable application standard, "a prisoner must show far more than that the state court's decision was merely wrong or even clear error." *Shinn v. Kayer*, 141 S. Ct. 517, 523 (2020) (cleaned up). Rather, the state court's application of federal law must be "so obviously wrong that its error lies beyond any possibility for fairminded disagreement." *Id.* (cleaned up). This standard reflects that the writ of habeas corpus is an "extraordinary remedy that guards only against extreme malfunctions in the state criminal justice systems." *Ramirez*, 596 U.S. at 377 (cleaned up).

In Grounds One, Two and Three, Petitioner raises claims of ineffective assistance of trial counsel.  (Doc. 24 at 7, 9-11).  Such claims are governed by the well-worn standard found in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail on a *Strickland* claim, a petitioner must show that (1) counsel's performance was constitutionally deficient, and (2) prejudice resulted.  *Strickland*, 466 U.S. at 687.  Under the deficiency prong, the inquiry focuses on "whether counsel's assistance was reasonable considering all the circumstances."  *Id*. at 688.  Trial counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id*. at 690.  As for the prejudice prong, the inquiry focuses on whether the petitioner has shown there is a "reasonable probability" that the outcome would have been different absent counsel's deficient performance.  *Id*. at 694.  To make the prejudice showing, the "likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).[7]

---

[7] Both the *Strickland* standard and the standard for relief under § 2254 are "highly deferential."  *Richter*, 562 U.S. at 105.  And when—in a case like the current one—"the two apply in tandem, review is doubly" deferential.  *Id*. (cleaned up).  The Supreme Court has warned that

1.    **Ground One: "Counsel failed to request a jury instruction that matched the homicide defense supported by evidence."**

In Ground One, Petitioner claims trial counsel was ineffective for failing to request a different jury instruction on the justifiable use of deadly force (self-defense). (Doc. 24 at 7). Petitioner alleges the evidence showed only that he threatened the use of deadly force, not that he actually used it. (*Id.*). He believes that if counsel had requested an instruction referencing only the threatened use of force, instead of the use of deadly force, then the jury would have found that his actions were justified. (*Id.*).

Petitioner raised this claim in his Rule 3.850 motion. (Doc. 31-16, ⁋ 63). The state trial court found that there was "no error and no prejudice" with respect to counsel's handling of the jury instructions. (Doc. 33-16 at 96; Doc. 33-17 at 96). The First DCA summarily affirmed. (Doc. 33-23). Because the First DCA summarily affirmed, this Court

---

"habeas courts must guard against the danger of equating unreasonableness under *Strickland*['s]" deficient performance prong with "unreasonableness under § 2254(d)." *Id*. Thus, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*.

"look[s] through" to the state trial court's decision and reviews that court's reasoning. *Wilson v. Sellers*, 584 U.S. 122, 125 (2018).

To satisfy § 2254(d)(1), Petitioner must demonstrate that the state court's rejection of his ineffective assistance claim was contrary to or an unreasonable application of *Strickland*. Petitioner has not satisfied the "contrary to" prong with respect to any of his ineffective assistance of counsel claims because the state trial court correctly identified the governing standard as requiring Petitioner to show error by counsel and resulting prejudice. (Doc. 33-17 at 94-98).

That leaves the "unreasonable application" prong, which requires the Court to decide if the state court unreasonably applied *Strickland*'s two part test. The state court did not unreasonably apply *Strickland*. Here are the reasons why.

Although the specific issue of an instruction regarding the threatened use of force was not discussed, the self-defense (justifiable use of deadly force) jury instructions were discussed at length during the charge conference. (Doc. 38-1 at 872-92). And the state court found that counsel's failure to request a threatened use of force instruction was not deficient performance under *Strickland*. The state court's application of

14

*Strickland*'s deficient performance prong was reasonable. That is because a competent attorney reasonably could have concluded that there was no meritorious basis to argue that the evidence showed only that Petitioner threatened to use deadly force.

At trial, Petitioner testified that he fired a "warning shot" into the room where Lawrence was, put another round in the barrel, started coming into that room with the rifle trained on Lawrence, and then fired the rifle again. (Doc. 38-1 at 764-66). Petitioner not only pointed the loaded rifle, but he also actually fired it—twice. The discharge of a firearm, even as a warning shot or accidentally, constitutes the actual use of deadly force under Florida law. *See Hosnedl v. State*, 126 So. 3d 400, 404-05 (Fla. 4th DCA 2013) (holding that even the accidental discharge of a firearm is the use of deadly force as a matter of law); *see also Miller v. State*, 613 So. 2d 530, 531 (Fla. 3d DCA 1993) (holding that defendant's firing a warning shot in the air when the victim allegedly advanced on him with a stick, constituted the use of deadly force as a matter of law).

Because the evidence supported the jury instruction on the use of deadly force and would not have supported a jury instruction only on

15

threatened force, the state courts did not unreasonably apply *Strickland* by finding that counsel was not ineffective for failing to request an instruction that referenced only the threatened use of force.  *See Perrot v. Sec'y, Fla. Dep't of Corr.*, 480 F. App'x 978, 982-83 (11th Cir. 2012) (holding that counsel was not ineffective for failing to object to jury instruction because there was ample evidence to support the instruction); *see also Sabillo v. Sec'y, Dep't of Corr.*, 355 F. App'x 346, 349 (11th Cir. 2009) (explaining that courts will not fault counsel for failing to request a jury instruction to which the petitioner was not entitled).[8]   Thus, Petitioner is not entitled to habeas relief on Ground One.

---

[8] Moreover, there is no reasonable probability the jury would have reached a different verdict if the self-defense instruction had referenced only the threatened use of deadly force.  The jury was given the opportunity to consider Petitioner's theories of self-defense and accidental discharge.  If the jury truly believed that Petitioner fired the rifle in self-defense or accidentally, then they would have found him not guilty because the killing was lawful (justifiable or excusable).  The jury obviously did not believe that, and Petitioner has failed to show a reasonable probability that the jury's verdict would have changed if the jury instructions had referenced only the threatened use of deadly force.

## 2. Ground Two: "Defense counsel failed to assert Porter had no duty to retreat from his home per *Weiand v. State*, 732 So. 2d 1044 (Fla. 1999)."

In Ground Two, Petitioner alleges trial counsel provided ineffective assistance by failing to object when the prosecutor presented evidence of Petitioner's failure to retreat from the home and pointed out in closing argument that Petitioner had the ability to leave the home. (Doc. 24 at 9). Furthermore, Petitioner says counsel was ineffective for not requesting a jury instruction stating that Petitioner had no duty to retreat.[9] (*Id.*).

Petitioner made these arguments in his Rule 3.850 motion, and they were rejected by the state courts. (Doc. 33-16, ¶¶ 37, 50, 63, 64, 72, 88). The state court's rejection of those arguments was neither contrary to nor an unreasonable application of *Strickland*. At the core of Petitioner's claim is the notion that he had no duty to retreat and, therefore, evidence and argument about his ability to retreat was improper. Whether Petitioner did or did not have a duty to retreat is a matter of Florida law. *See* Fla. Stat. § 776.012(2) (defining the

---

[9] Petitioner refers to this as a "*Weiand*" instruction. *Weiand v. State*, 732 So. 2d 1044, 1051 (Fla. 1999).

circumstances under which a person is justified in using deadly force and the circumstances under which the person does not have a duty to retreat).[10]  It is well settled that "state courts are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).  And "a state court's interpretation of state law…binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (recognizing that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").  Here, the Florida state courts were unpersuaded by Petitioner's argument that the prosecutor improperly presented evidence and argument regarding his duty to retreat.  Because the state court did not find the prosecutor's questions and argument to be improper

---

[10] That statute provides:

> A person is justified in using or threatening to use deadly force if he or she reasonably believes that using or threatening to use such force is necessary to prevent imminent death or great bodily harm….A person who uses or threatens to use deadly force in accordance with this subsection does not have a duty to retreat and has the right to stand his or her ground if the person using or threatening to use the deadly force is not engaged in a criminal activity and is in a place where he or she has a right to be.

Fla. Stat. § 776.012(2) (2014).

under Florida law, Petitioner cannot prevail on his claim that counsel performed ineffectively by failing to object to such questions and arguments. *See Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) (explaining that counsel was not ineffective for failing to make a state law argument that the state courts concluded would have been overruled); *Herring v. Sec'y Dep't of Corr.*, 397 F.3d 1338, 1354–55 (11th Cir. 2005) (same).[11]

This leaves Petitioner's argument that counsel was ineffective for failing to request a jury instruction stating that Petitioner had no duty to retreat. The state court determined that counsel was not ineffective

---

[11] *See also O'Brien v. Florida*, No. 18-15054-D, 2019 WL 2416761, at *1 (11th Cir. Apr. 25, 2019) (holding that the state court reasonably denied petitioner's claim that counsel was ineffective for not objecting to certain statements in the prosecutor's closing argument because those trial arguments were permissible under state law); *Timmons v. Sec'y, Dep't of Corr.*, No. 17-14604-J, 2018 WL 5306395, at *7-8 (11th Cir. Sept. 14, 2018) (deferring to state court's rejection of petitioner's claim that counsel was ineffective for failing to object when prosecutor cross-examined him about whether he could leave the apartment, as well as when the prosecutor made similar comments during closing arguments because federal court would not second-guess state court's finding that prosecutor's questions and comments were relevant and proper under state law, and state court's finding that counsel's performance was not deficient for failing to object was not contrary to or an incorrect application of federal law).

for failing to request such an instruction. That determination was not an unreasonable application of *Strickland*.

It does not appear that Petitioner would have received such an instruction had one been requested. "Whether defense counsel erred by not requesting a specific jury instruction depends on the state law that governed the defendant's trial." *Brown v. Warden*, 562 F. App'x 779, 781 (11th Cir. 2014). Here, under Florida law as it existed in 2016 when this incident occurred, a prerequisite to having no duty to retreat is that the person "is attacked in his or her dwelling…." Fla. Stat. § 776.013(3) (eff. June 20, 2014); *see also Weiand v. State*, 732 So.2d 1044, 1057 (Fla. 1999) (stating that a no duty to retreat instruction is warranted "[i]f the defendant was attacked…."). The evidence introduced at trial did not show that Petitioner was "attacked" by Lawrence. Moreover, under Florida law at the relevant time, a prerequisite to having no duty to retreat was that the person who used deadly force was not engaged in criminal activity. Fla. Stat. §§ 776.012(2), 776.013(3) (eff. June 20, 2014). *See generally Eady v. State*, 229 So.3d 434, 437 n.3 (Fla. 2d DCA 2017) (explaining that effective in 2014 Florida law "require[d] the person using force or threatening to use force not to be engaged in unlawful activity"

20

in order not to have a duty to retreat). In this case, Petitioner was engaged in the criminal activity of unlawful possession of a firearm when he used deadly force. Because Petitioner's desired "no duty to retreat" jury instruction would not have been warranted by the evidence in this case, counsel did not perform deficiently by failing to request it.[12] *See Brown*, 562 F. App'x at 781 (explaining that "defense counsel is not ineffective for failing to request a jury instruction that is not warranted by the evidence"). Petitioner has failed to show that the state court's decision unreasonably applied *Strickland* and, therefore, he is not entitled to habeas relief on Ground Two.

### 3. Ground Three: "Defense counsel failed to timely object to inadmissible character evidence and improper character argument."

In Ground Three, Petitioner argues that his counsel performed ineffectively by not objecting to evidence and argument regarding

---

[12] Even if counsel had performed deficiently by failing to request a "no duty to retreat" instruction, Petitioner would not be entitled to relief because he has failed to show prejudice. He has failed to establish a reasonable probability that the result of the trial would have been different had the jury received this instruction. Thus, he has not shown the state court unreasonably applied *Strickland* by rejecting this claim of ineffective assistance of counsel.

Petitioner's character and the character of his girlfriend, Susan Spivey. (Doc. 24 at 10).

Respondent argues that the part of this claim relating to Spivey's character is unexhausted. (Doc. 33 at 11-12). Respondent explains that Petitioner included this argument in his Rule 3.850 motion, but he did not discuss it in his brief on appeal from the denial of that motion. (*Id.*).

The state court record shows that Respondent is correct. In Petitioner's appellate brief, he argued that counsel was ineffective for failing to object to evidence of Petitioner's character, but Petitioner made no mention of counsel's failure to object regarding Spivey's character. (Doc. 33-21 at 18-19). Petitioner's failure to present argument on that issue means it was waived before the First DCA.[13] As a result, the part of Ground Three related to counsel's failure to object regarding Spivey's character is unexhausted for purposes of habeas review. *See Baker*, 634 F. App'x at 693; *see also Harris*, 2021 WL 5331202, at *19. And because

---

[13] As previously discussed, Petitioner's catchall reference to "additional counsel errors" in his initial brief was insufficient to present this part of his ineffective assistance claim for review in the First DCA. (Doc. 33-21 at 22). *Smith*, 931 So. 2d at 800; *Randolph*, 853 So. 2d at 1063 n.12; *Carroll*, 815 So. 2d at 609 n.7; *Shere*, 742 So. 2d at 217 n. 6.

state procedural rules would prevent Petitioner from returning to state court to exhaust this part of Ground Three, it has been procedurally defaulted. *See Baker*, 634 F. App'x at 693; *see also Bailey*, 172 F.3d at 1303. Petitioner has not made any showing of cause and prejudice to excuse the procedural default. Therefore, the part of Ground Three related to counsel's failure to object to evidence regarding Spivey's character is procedurally barred.

This leaves the rest of Ground Three—that counsel was ineffective by not objecting to the prosecutor's questions and argument about Petitioner's character. Petitioner did not identify the specific testimony or closing arguments in his habeas petition, but he did so in his state court pleadings.[14] And the state court denied Petitioner's claim. (Doc.

---

[14] In state court, Petitioner pointed to the prosecutor's questioning of Daniel Lamarche regarding what he observed when he, Dalton, and Petitioner dropped off the firewood in Petitioner's home, and why he and Dalton left when they did. (Doc. 38-1 at 276-81). Lamarche testified that Petitioner entered the house first because people "never disrespect Coy." (*Id.* at 276-77). Lamarche testified that when he left Petitioner's house, he "actually didn't think what was going to happen was going to happen." (*Id.* at 278). The prosecutor questioned Lamarche about a prior inconsistent statement he made in which he said that he thought Petitioner was "either going to knock him [Lawrence] out with that piece of firewood or he's going to shoot him." (*Id.* at 280). Petitioner alleged defense counsel should have objected to this questioning as an improper

33-17 at 95). The state court explained that Petitioner failed to show the prosecutor engaged in misconduct or made improper argument. (*Id.*).

The Court will not second guess the state court's findings that the prosecutor's examination of witnesses and comments during closing arguments were proper under Florida law. Because the state court found that the prosecutor's comments and examination were not improper, counsel was not ineffective for failing to object. *See Callahan*, 427 F.3d at 932 (explaining that counsel was not ineffective for failing to make a state law argument that the state courts concluded would have been overruled); *see also O'Brien*, 2019 WL 2416761, at *1 (holding that the state court reasonably denied petitioner's ineffective assistance claim based on counsel's failure to object to certain statements during closing argument because those trial arguments were permissible under state law). Thus, Petitioner is not entitled to habeas relief on the part of Ground Three that was exhausted.

---

attack on his character. Petitioner also pointed to the prosecutor's questioning of Petitioner himself during cross-examination, alleging that it was also an improper attack on his character. (Doc. 38-1 at 821-24). Petitioner alleged that defense counsel should have objected when the prosecutor commented on this allegedly improper character evidence during closing arguments.

## C.    Petitioner is not entitled to federal habeas relief on his claim of trial court error in Ground Six.

In Ground Six, Petitioner claims the trial court denied him due process by not allowing him to present evidence that refuted an element of the felon in possession charges. (Doc. 24 at 16). Petitioner alleges an element of those charges was a valid prior felony conviction. (*Id.*). He alleges the trial court erred by refusing to permit him to present evidence that his plea to the prior felony was the product of a *Brady*[15] violation and ineffective assistance of counsel. (*Id.*).

Petitioner raised this argument in the state trial court. He filed a motion to dismiss the firearm possession charges on the ground that Florida's criminal statute required the State to prove that the prior felony conviction was valid. (Doc. 33-3 at 757-68). The trial court held a hearing and denied the defense's motion to dismiss. (*Id.* at 795-96, 1471-1511). The court ruled that a plain reading of Fla. Stat. § 790.23(1) and the jury instructions required the State to prove nothing more than that Petitioner (1) was convicted of a felony and (2) knowingly owned or had in his care, custody, possession or control a firearm. (*Id.* at 795-96). The

---

[15] *Brady v. Maryland*, 373 U.S. 83 (1963).

court rejected defense counsel's argument that the State was additionally required to prove that the prior conviction was valid. (*Id.* at 795-96, 1510).

Petitioner then filed a motion to permit the defense to present evidence at trial showing that his prior conviction was invalid. (Doc. 33-3 at 809-11, 974-80). Based on the prior ruling that a valid conviction was not an element of the crime, the trial court denied the motion. (*Id.* at 1613-14). Petitioner challenged the trial court's ruling on direct appeal. (Doc. 33-5 at 51-52). The First DCA affirmed. (Doc. 33-9).

Petitioner's due process claim depends on whether a valid conviction was an element of the offense of possession of a firearm by a convicted felon. The state court determined that a valid conviction was not an element of the offense. This Court must defer to that interpretation of Florida law. *Bradshaw*, 546 U.S. at 76; *Missouri v. Hunter*, 459 U.S. 359, 368 (1983) (explaining that the federal court is bound to accept the state court's construction of that State's statutes).[16]

---

[16] It bears noting that the state court's interpretation is entirely consistent with federal law. *See United States v. Fillingim*, 688 F. App'x 670, 672 (11th Cir. 2017) ("The Supreme Court has held that in a federal prosecution for being a felon in possession of a firearm a defendant may

Because the validity of the prior conviction was not an element of the offense of possession of a firearm by a convicted felon, evidence that tended to disprove its validity was not relevant. It is axiomatic that a defendant is not deprived of due process when he is precluded from presenting irrelevant evidence. *See United States v. Ruggiero*, 791 F.3d 1281, 1290 (11th Cir. 2015) (explaining that "there is no right to introduce irrelevant evidence" and finding no due process violation where the trial court prevented the jury from hearing evidence that did not speak to an element of the charged offense).

The state court's rejection of Petitioner's due process claim did not conflict with or unreasonably apply any federal law. Petitioner thus is not entitled to habeas relief on Ground Six.

## IV.    Conclusion

For the reasons above, Petitioner's third amended habeas petition should be denied.

---

not collaterally attack his prior conviction in order to negate the government's evidence that he had a felony conviction."

## V.   Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the Court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336  (2003) (quoting § 2253(c)(2)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his [or her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (citing *Miller-El*, 537 U.S. at 327).  The petitioner here cannot

make that showing.  Therefore, the undersigned recommends that the district judge deny a certificate of appealability.

The second sentence of  Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

1.    The third amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 24) be **DENIED** and this case be **DISMISSED**.

2.    A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 30th day of September 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  Any different deadline that may appear on the

electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.